UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANDREW SIFFERT,

    Plaintiff

v.

SPORT PONTOONS, LLC;
TARZAN BOAT, LLC dba
JUNGLE FLOAT;
CHRISTOPHER HAMPTON;
MITCHELL HORNER and
BRIANNA WEAVER.

    Defendants.

Civil Action No. _____

**JURY DEMAND**

## COMPLAINT

COMES NOW Plaintiff, Andrew Siffert ("Plaintiff" or "Siffert") and hereby file this Complaint against Defendants Sport Pontoons, LLC, Tarzan Boat, LLC dba Jungle Float, Christopher Hampton, Mitchell Horner, and Brianna Weaver ("Defendants") and states as follows:

## PARTIES

1. Plaintiff Andrew Siffert is an individual who resides in the State of Minnesota.

2. Sport Pontoons, LLC is a Tennessee limited liability company with its principal place of business located at 7619 Hixson Pike Hixson, TN 37343 and may be served at its place of business.

3. Upon information and belief, Sport Pontoons, LLC is owned by a member or members, none of whom are citizens of the State of Minnesota.

4. Tarzan Boat, LLC is a Tennessee limited liability company with its principal place of business located at 7619 Hixson Pike Hixson, TN 37343 and may be served at its place of business. At times, Tarzan Boat, LLC may operate under the assumed name Jungle Float.

5. Upon information and belief, Tarzan Boat, LLC is owned by a member or members, none of whom are citizens of the State of Minnesota.

6. Upon information and belief, Sport Pontoons, LLC and Tarzan Boat, LLC dba Jungle Float are alter egos of each other.

7. Upon information and belief, Christopher Hampton is a resident of the state of Tennessee and is an employee, member, agent, and/or principal of Sport Pontoons, LLC. Defendant Hampton may be served at 7619 Hixson Pike Hixson, TN 37343.

8. Upon information and belief, Mitchell Horner is a resident of the state of Georgia and, at all times relevant to this Complaint, is or was an employee, member, agent, and/or principal of Sport Pontoons, LLC. Defendant Horner may be served at 71 Jada Lane Ringgold, GA 30736.

9. Upon information and belief, Brianna Weaver is a resident of the state of Tennessee and is an employee, agent, and/or principal of Sport Pontoons, LLC. Defendant Weaver may be served at 7619 Hixson Pike Hixson, TN 37343.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the $75,000.00 threshold[1] and there is complete diversity of

---

[1] If punitive damages are available as a matter of law, a court must aggregate punitive and actual damages to determine whether an action meets the requisite amount in controversy. *Bell v. Preferred Life Assurance Soc.*, 320 U.S. 238, 240 (1943) (reversing dismissal for lack of jurisdiction that failed to consider punitive damages) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

citizenship of the parties. Plaintiff is a citizen of and resides in the State of Minnesota. Upon information and belief, none of the Defendants, or the members of the Defendants, are citizens of the state of Minnesota.

11. Defendants have each submitted to the personal jurisdiction of this Court by conducting business in the State of Tennessee.

12. Venue lies within this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred herein. Defendants transacted business in this district; contracted to build and supply a boat within this district; and each caused tortious injury by an act or omission in this district.

13. Jurisdiction and venue are proper for each claim asserted in this complaint.

## FACTS

14. Defendants are in the business of building highly customized pontoon boats for consumers. Defendants operate a website advertising their services located at www.sportpontoons.com.

15. Upon information and belief, despite separate branding and business entities, the two businesses operate interchangeably. For example, an email from Defendant Chris Hampton detailing a Jungle Float price quote bearing the name and logo for Jungle Float, the assumed name of Tarzan Boat, LLC. (Email Exhibit A).

16. Plaintiff is an individual consumer. On or about January 2020, Plaintiff was first introduced to Defendants Chris Hampton and Sports Pontoons at the Minneapolis Boat Show.

17. In or about September 2021, Plaintiff negotiated with Defendants for Sport Pontoon to build and deliver a custom pontoon boat to Plaintiff ("Boat"). The parties continued to discuss and negotiate the features and pricing of the Boat throughout Fall 2021.

18. On or about December 9, 2021, Plaintiff received an ad from Defendants offering special promotions for the Holidays and Plaintiff decided to take advantage of the offer. Defendant Chris Hampton sent Plaintiff the Payment Instructions (Exhibit B) and a "Thank You for Accepting Your Quote" email detailing instructions to review the options that Plaintiff picked and a request for the 25% deposit so Defendants could begin to build the Boat. (Exhibit C).

19. On or about December 10, 2021, Defendants issued a final quote to Plaintiff. After discount the purchase price was Fifty-Six Thousand Six Hundred Thirty Dollars ($56,630). (Quote attached as Exhibit D). This price included a $10,000 discount which included a discount for pre-payment in full.

20. On or about December 13, 2021, Plaintiff wire transferred Fifty-Six Thousand Six Hundred and Thirty Dollars ($56,630) to Defendants Sport Pontoon and Jungle Float (Funds Transfer Request Authorization Exhibit E). Defendants confirmed receipt.

21. The communications, invoices, and payments together constitute a binding contract for the purchase, build, and sale of the Boat between Plaintiff and Defendant Sport Pontoons, LLC ("Agreement").

22. Defendants made representations to Plaintiff that the Boat would be completed by April 2022. An April 2022 completion was very important to Plaintiff since it allowed Plaintiff to use the Boat for the 2022 boating season in Minnesota. These representations were in the form of statements, written and oral, from each of the individual Defendants. Plaintiff relied on the representations made about the completion date in making his decision to purchase the Boat. The April 2022 completion date was a material term of the Agreement.

23. Additionally, Defendants made representations to Plaintiff at the time of the quote regarding the features and availability of the Boat, availability of parts, and other statements that

4

led Plaintiff to believe that the deal he was getting was a good one and that he should pre-pay up front. The statements made by Defendants induced Plaintiff to pay $56,630 up front.

24. However, despite Defendants representations, Defendants knew or should have known that they were unable to fulfill Plaintiff's order for his Boat. Upon information and belief Defendants knew that they were unable to timely build the Boat by April 2022 at the time that they entered into an Agreement with Plaintiff.

25. On or about March 3, 2022 Plaintiff reached out to Defendant Chris Hampton via Text Message requesting an update (Text Messages Exhibit F). A day later on March 4, 2022 Plaintiff sent two more messages to Defendant Hampton wanting a follow-up on his order and requesting he at least know if the Boat was being worked on, Defendant Hampton replied stating he was out of the office and to contact customer service for any questions. (Text Messages Exhibit F).

26. On or about April 12, 2022 Plaintiff called Defendant Brianna Weaver to discuss the update and delivery, per the call Defendant provided an updated date of May 6, 2022 for the delivery of the Boat. Plaintiff has repeatedly sent emails to Defendant Brianna Weaver requesting updates on the Boat, but Defendant only responded a few times and when a response was due, Defendant continued to push or excuse the delay in updates/delivery on the Boat. (Email Thread Exhibit G).

27. Plaintiff continued to try and contact Defendant Chris Hampton via Text Message about an update and his ongoing concern of lack of communication. (Text Messages Exhibit F).

28. On or about June 24, 2022 Plaintiff received an email from Defendant Mitchell Horner, Production Manager for Defendants, stating that all production has been halted until July 31, 2022 due to labor and supply chain issues. (Email Exhibit H).

5

Case 1:22-cv-00272-KAC-CHS   Document 1   Filed 11/02/22   Page 5 of 15   PageID #: 5

29. While Plaintiff was also communication with Defendant Mitchell Horner via email, Defendant Horner failed to provide appropriate updates or make necessary disclosures. Upon information and belief, Horner knew or should have known that the Defendants had no intention of delivering the Boat as ordered.

30. The last communication Plaintiff has had from any Defendant was August 13, 2022.

31. However, since the invoice was paid in full, Defendants have failed to fulfill their obligations under the contract.

32. Upon information and belief, the Boat has not been substantially completed or else it is far behind the contracted for schedule.

33. Plaintiff has repeatedly requested either delivery or a refund from Defendants. However, Defendants continue to ignore Plaintiff's request for an update or refund on the money and the Boat Plaintiff is rightfully entitled to receive in compliance with the Agreement between the Parties. Plaintiffs also made demands for a refund through the Better Business Bureau and the Tennessee Department of Consumer Affairs. Defendants have failed to respond to either demand.

34. Upon information and belief, the actions and behavior of Defendants represents a purposeful pattern or scheme to part customers of Sport Pontoons with tens of thousands of dollars, take the money, and not have any intent of delivering boats to customers. Upon information and belief, Defendants have misrepresented the availability and promised delivery date to multiple additional customers.

35. Upon information and belief, Defendants have converted the funds paid by Plaintiff and/or have been unjustly enriched in an amount equal to the amount paid by Plaintiff.

6

36. Plaintiff has been damaged in the amount equal to the total amount Plaintiff paid for the Boat but was never delivered.

37. Defendant Sport Pontoons, LLC is responsible for the breach of the Agreement and for the tortious actions that were committed against Plaintiff, both directly and vicariously through its employees, principals, and agents. Tarzan Boat, LLC dba Jungle Float is, upon information and belief, the alter ego of Sport Pontoons, LLC, and upon information and belief has participated in the contract by its appearance on the invoices and interchangeability on Defendants' website. Additionally, upon information and belief, Defendant Tarzan Boat, LLC has received some or all of the funds paid by Plaintiff into its control. Tarzan Boat is liable for the breach of contract and the tortious actions of the Defendants, both directly and vicariously through its employees, agents, or principals.

38. Individual Defendants Hampton, Horner and Weaver are liable to Plaintiff for the tortious actions alleged herein. Upon information and belief, Hampton, Horner, and Weaver participated directly in the tortious actions of Defendants, made misrepresentations and concealed the true nature of their intentions, and, upon information and belief, control some or all of the funds paid by Plaintiff and have unjustly benefited from the unlawful retention of those funds.

39. Plaintiff demands return of all funds paid by Plaintiff to Defendants.

40. Plaintiff is entitled to treble and punitive damages and attorney's fees.

## COUNT ONE
## BREACH OF CONTRACT

### AGAINST SPORT PONTOONS, LLC AND
### TARZAN BOAT, LLC dba JUNGLE FLOAT

41. Plaintiff incorporates by reference paragraphs 1 through 40 as though set forth herein.

42. A valid contract exists between the Plaintiff and Defendants Sport Pontoons, LLC and Tarzan Boat, LLC dba Jungle Float. The Agreement consisted of the executed invoice, written communication between the Parties, and the verbal agreements.

43. At all times relevant, Plaintiff has performed all its obligations under the Agreement. Plaintiff paid the invoice in full, but Defendants failed to deliver the Boat.

44. A delivery date by April 2022 was a material term of the Agreement.

45. Defendants' failure to deliver the Boat (whether timely, or at all) is a breach of contract.

46. Plaintiff has been damaged in an amount at least equal to what he paid and is entitled to a return of his paid funds in an amount of at least Fifty-Six Thousand Six Hundred and Thirty Dollars ($56,630).

## COUNT TWO
## FRAUD

### AGAINST ALL DEFENDANTS

47. Plaintiff incorporates by reference paragraphs 1 through 46 as though set forth herein.

48. Defendants made representations to Plaintiff that were false. Defendants omitted and concealed material facts to Plaintiff. Defendants intentionally influenced Plaintiff to pay in full for the Boat for a discount with no intent of fulfilling the order.

8

49. Specifically and particularly, Defendants made the statements set forth above in paragraphs 23-29 Above. These statements regarded Defendants' ability to produce the Boat, and the availability of parts, and time frame to completion. These statements were false when made. Defendants omitted and concealed the material facts that they were unable to complete the terms of the Agreement, including features of the Boat and timetables. To the extent that the statements were promises, the promises were fraudulent misrepresentations because Defendants had no intention of fulfilling the promises regarding the Agreement at the time the promises were made.

50. The misrepresentations, omissions and concealments, and promises made by the Defendants ("Misrepresentations") were made with the specific purpose of inducing Plaintiff into the Agreement with Defendant Sport Pontoons, LLC. At the time that the Misrepresentations were made, Defendants knew that they were false and that Defendants each separately and together intended that Plaintiff rely on the Misrepresentations.

51. Plaintiff relied on Defendants Misrepresentations to his detriment. Specifically, Plaintiff relied on the Misrepresentations in the availability and delivery of the Boat. Plaintiff's reliance on the representations was reasonable due to Defendants' constant representations and omissions of product availability and delivery. Plaintiff paid $56,630 in advance for the Boat, as well as precluded Plaintiff from the enjoyment of a completed boat for the 2022 summer boating season.

52. Plaintiff suffered injury due to the Defendants' fraudulent statements and concealment in the form of monetary damages, loss of enjoyment of the use of the Boat, and other damages to be proven at trial.

53. For Defendants' fraudulent actions, Plaintiff is entitled to punitive damages together with attorneys' fees, costs, and interest.

# COUNT THREE
# CONVERSION

## AGAINST ALL DEFENDANTS

54. Plaintiff incorporates by reference paragraphs 1 through 53 as though set forth herein.

55. Plaintiff paid funds to Defendants who each, upon information and belief, took control over the funds.

56. When Defendants Sport Pontoons, LLC and Tarzan Boat, LLC failed to perform their obligations under the Agreement, Plaintiff demanded the return of the funds.

57. Defendants, acting jointly and severally, have refused to pay the funds back to Plaintiff, despite repeated formal and informal demands.

58. Upon information and belief, Defendants have intentionally ignored any and all demands for the return of the funds from Plaintiff and continue to excuse the actions regarding the alleged delay in production.

59. Defendants have appropriated and converted the Plaintiff's funds to their own personal use and benefit.

60. Plaintiff has been damaged by an amount equal to, at minimum, the amount that the Defendants have converted.

61. Plaintiff is entitled to return of the funds that were paid to Defendants that the Parties agreed upon.

62. Defendants are liable for conversion under Tennessee law.

63. Plaintiff is entitled to damages to be determined at trial, including actual damages, as well as treble and punitive damages, and attorney's fees.

## COUNT FOUR
## NEGLIGENT MISREPRESENTATION

### AGAINST ALL DEFENDANTS

64. Plaintiff incorporates by reference paragraphs 1 through 63 as though set forth herein.

65. Defendants knew or should have known the appropriate time of turnaround and owe their clients a duty of care to not make misrepresentations on the time of delivery for a product and availability of a product.

66. Defendants breached their duty of care when they made misrepresentations by claiming a delivery date of April 2022.

67. At a minimum, the actions and omissions of Defendants were negligent.

68. As a client, Plaintiff reasonably relied upon the misrepresentations and omissions in determining to pay the invoice for the Boat.

69. Plaintiff has been damaged by the negligent misrepresentation.

## COUNT FIVE
## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

### AGAINST ALL DEFENDANTS

70. Plaintiff incorporates by reference paragraphs 1 through 69 set forth herein.

71. The Tennessee Consumer Protection Act (the "TCPA") prohibits unfair or deceptive acts or practices affecting the conduct of any practice which is deceptive to the consumer or to any other person. Tenn. Code. Ann. § 47-18-104(b).

72. During all times relevant to Plaintiff's claims, Plaintiff was a consumer under the TCPA.

73. Defendant's actions set forth herein including, without limitation, the acts, and omissions in connection with the Plaintiff buying a product and paying funds to the Defendants constitute violations of the TCPA.

74. Without limitation, Defendants' actions constitute specific deceptive acts under the TCPA, to wit:

   i. Advertising goods or services with intent not to supply reasonably expectable public demand. TCA § 47-18-104(b)(10);

   ii. Refusal to reasonably show, demonstrate or sell the goods or services offered in accordance with the terms of the offer; TCA § 47-18-104(c)(1).

   iii. Disparagement by acts or words of the advertised goods or services or disparagement with respect to the guarantee, credit terms, availability of service, repairs or parts, or in any other respect, in connection with the advertised goods or services - TCA § 47-18-104(c)(2).

   iv. The act of inducing Plaintiff to spend more than $50,000 up front and encouraging the quick payment of a deposit by claiming great demand and then ghosting Plaintiff and not building the Boat is an unfair and deceptive trade practice.

   v. Upon information and belief, Defendant engaged in other violations of the TCPA in addition to those set forth herein and which directly damaged Plaintiff.

75. As a proximate result of the violation of the TCPA by the Defendants, Plaintiff has been damaged in an amount to be proven at trial. Such damages include, without limitation, Plaintiff's losses in funds, Plaintiff's loss of enjoyment of the Boat, Plaintiff's expenses in defending actions connected with the invoice, and Plaintiff's attorneys' fees.

12

Case 1:22-cv-00272-KAC-CHS   Document 1   Filed 11/02/22   Page 12 of 15   PageID #: 12

76. The engagement of the deceptive act(s) by the Defendants was a willful and knowing violation of the Tennessee Consumer Protection Act.

77. Plaintiff is entitled to judgment and damages against Defendants on this Count for Defendants' violations of the TCPA, plus attorneys' fees and treble damages as provided by statute.

## COUNT SIX
## UNJUST ENRICHMENT

### AGAINST ALL DEFENDANTS

78. Plaintiff incorporate by reference paragraphs 1 through 77 set forth herein.

79. Upon information and belief, Defendants have acted in a way to unjustly and illegally deprive Plaintiff of funds for the Defendants' own benefit.

80. Upon information and belief, each Defendant has directly benefitted from Plaintiff's funds.

81. Defendant has been unjustly enriched in an amount to be proved at trial. Equity and good conscience require that Plaintiff receive restitution for the harm caused by Defendants.

## COUNT SEVEN
## CIVIL CONSPIRACY

### AGAINST ALL DEFENDANTS

82. Plaintiff incorporates by reference paragraphs 1 through 81 set forth herein.

83. A cause of action for civil conspiracy under Tennessee common law requires: (1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) injury to person or property resulting in attendant damage. *Freeman Mgmt. Corp. v. Shurgard Storage Centers, LLC*, 461 F. Supp. 2d 629, 642 (M.D. Tenn. 2006).

84. Defendants enacted a common design or scheme to enter into contracts with customers to sell them custom pontoon boats that Defendants had no intention of fulfilling.

85. Defendants committed such tortious acts with an unlawful purpose and by unlawful means, specifically, through misrepresentation and illegally converting the funds paid by Plaintiff and other customers.

86. Defendants engaged in overt acts in the form of entering into the Agreement, taking Plaintiff's money, and making multiple misrepresentations to perpetuate the scheme.

87. Defendants' conspiracy caused damages and loss to Plaintiff.

88. Plaintiff is entitled to judgment against Defendants for civil conspiracy in an amount to be proven at trial.

## COUNT EIGHT
## RESPONDIAT SUPERIOR

### AGAINST SPORT PONTOONS, LLC AND TARZAN BOAT, LLC DBA JUNGLE FLOAT

89. Plaintiff incorporates by reference paragraphs 1 through 88 set forth herein.

90. Defendants Hampton, Horner, and Weaver are the employees, contractors, principals, officers, directors, and/or agents of Sport Pontoons, LLC and Tarzan Boat, LLC dba Jungle Float.

91. As stated herein, upon information and belief, Defendants Hampton, Horner, and Weaver committed the above-enumerated torts.

92. Defendants Sport Pontoons, LLC and Tarzan Boat, LLC are vicariously liable for the tortious actions of Hampton, Horner, and Weaver under a theory of respondiat superior.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial on all claims so triable and judgment as follows:

i. That the Defendants be served with process and made to answer this Complaint;

ii. A trial by jury;

iii. A judgment on breach of contract in the amount of at least Fifty-Six Thousand Six Hundred and Thirty Dollars ($56,630);

iv. Awarding damages for the tortious acts of Defendants in an amount to be determined at trial;

v. Awarding treble and/or punitive damages against Defendants to be determined by the jury;

vi. Awarding attorneys' fees and costs; and

vii. Awarding such other relief as this Court deems just and proper against the Defendants.

RESPECTFULLY SUBMITTED this 2nd day of November, 2022.

BARHAM & MAUCERE LLC

Scott Raymond Maucere, TN BPR #027407
Zachery S. Darnell, TN BPR #035914
6708 Heritage Business Court
Chattanooga, TN 37421
423.855.1755
scott@b-m.law
*Attorney for the Plaintiff*