UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANDREW SIFFERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 1:22-CV-272-KAC-CHS |
| SPORT PONTOONS, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT MITCHELL HORNER'S MOTION TO DISMISS

This case is before the Court on "Defendant Mitchell Horner's Motion to Dismiss," [Doc. 15], asserting that Plaintiff's claims against Defendant Horner should be dismissed for insufficient service of process and lack of personal jurisdiction. For the reasons below, the Court grants Defendant Horner's "Motion to Dismiss" [Doc. 15].

This dispute arises out of a December 10, 2021 sales contract between Defendant Sport Pontoons, LLC and Plaintiff for a custom-built pontoon boat (the "Boat") [*See* Docs. 1; 1-3]. Defendants allegedly "made representations to Plaintiff that the Boat would be completed by April 2022," but failed to deliver the Boat as promised [Doc. 1 at 4, 6]. On June 24, 2022, "Plaintiff received an email from Defendant Mitchell Horner, Production Manager for [Sport Pontoons, LLC], stating that all production ha[d] been halted until July 31, 2022 due to labor and supply chain issues" [*Id.* ¶ 28]. Plaintiff alleges that "Defendant Horner failed to provide appropriate updates or make necessary disclosures" and "knew or should have known that the Defendants had no intention of delivering the Boat as ordered" [*Id.* ¶ 29]. Defendant Horner submitted a signed Declaration under the penalty of perjury, indicating that he resigned from his position at Sport Pontoons, LLC in June 2022 [*See* Doc. 15-1 ¶ 2 (Declaration of Mitchell Horner)].

Plaintiff filed suit against Defendants on November 2, 2022 [*Id.*]. As of the filing of the Complaint, Plaintiff had still not received the Boat [*Id.* at 6]. In his Complaint, Plaintiff asserts claims against Defendant Horner for Fraud (Count Two), Conversion (Count Three), Negligent Misrepresentation (Count Four), Violation of the Tennessee Consumer Protection Act (Count Five), Unjust Enrichment (Count Six), and Civil Conspiracy (Count Seven) [*See id.* at 8-14]. The Complaint states that Horner, a Georgia resident, "may be served at 71 Jada Lane Ringgold, GA 30736" [*Id.* ¶ 8]. On November 17, 2022, Plaintiff filed a Proof of Service alleging that Defendant Horner was "personally served" in this action on November 15, 2022 at "7619 Hixson Pike Hixson, TN 37343," Sport Pontoons, LLC's business address [*See* Docs. 1 at 1; 12 at 1].

On December 9, 2022, Defendant Horner made a limited appearance to file the instant Motion to Dismiss [*See* Doc. 15]. In his Motion, Defendant Horner asserts that Plaintiff failed to properly effect service of process, warranting dismissal under Federal Rule of Civil Procedure 12(b)(5) and 12(b)(2) [*Id.* at 1].[1] Defendant Horner asserts that Plaintiff's attempt to effectuate service was insufficient because Plaintiff attempted to serve him at his former place of employment using a process server who left the summons and Complaint with a person Defendant Horner had not authorized to accept service on his behalf [Doc. 25 at 1-2].

In response, Plaintiff claims that service was proper under Tennessee Rule of Civil Procedure 4.04(5) because "Sport Pontoons, LLC had the actual and apparent authority to accept service on behalf of Mr. Horner" [Doc. 21 at 2-3]. Further, Plaintiff variably asserts "upon information and belief Mr. Horner was a member and or officer of Sport Pontoons, LLC during

---

[1] Defendant Horner is purportedly a resident of Ringgold, Georgia and does not work in Tennessee [*See* Doc. 15]. Accordingly, Defendant Horner argues that if he is not properly served, then the Court does not have personal jurisdiction over him.

2

Case 1:22-cv-00272-KAC-CHS   Document 27   Filed 04/03/23   Page 2 of 9   PageID #: 135

the time of the causes of action" or that "[u]pon information and belief, Mr. Horner is or was a member and officer of Sport Pontoons, LLC" [Doc. 21 at 1, 3]. Plaintiff argues that Sport Pontoons, LLC had authority to accept service on Defendant Horner's behalf because, "during [Defendant Horner's] employment, Sport Pontoons, LLC had actual authority to accept service of process" on his behalf [Doc. 21 at 4]. And Plaintiff asserts that "Plaintiff (and Plaintiff's process server) reasonably believed that Mr. Horner was still employed by Sport Pontoons, LLC" at the time of service and "that belief was reinforced when service of process was accepted on his behalf" [*Id.* at 3-4]. Plaintiff also filed an Affidavit of Service, in which the process server states that he actually "hand delivered a copy of" the service documents "to Gavin Swafford, who accepted service for Mr. Mitchell Horner as his registered agent and or person authorized to receive them at the companies address shown below" and that "the previous proof of service dated 11-16-2022 [Doc. 12]," indicating that Defendant Horner was personally served, "was made in error" [Doc. 22].

"Due process requires that the defendant be given adequate notice of the suit and be subject to the personal jurisdiction of the court." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citing *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 313-14 (1950); *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)) (cleaned up). And "due process requires proper service of process in order to obtain in personam jurisdiction." *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976). Federal Rule of Civil Procedure 4 states that a "summons must be served with a copy of the complaint" and that "[t]he plaintiff is responsible for having the summons and complaint served." Fed R. Civ. P. 4(c)(1). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-*

3

*Fayette Urban County Gov.*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

Rule 4(e) provides that service of process may be effected upon individuals by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). This district court is located in Tennessee, so Plaintiff may serve Defendant Horner by "following" Tennessee "state law for serving a summons." *See id.* at 4(e)(1). Tennessee Rule of Civil Procedure 4.04(5) allows service:

> Upon [1] a nonresident individual [2] who transacts business through an office or agency in this state, or a resident individual who transacts business through an office or agency in a county other than the county in which the resident individual resides, [3] in any action growing out of or connected with the business of that office or agency, [4] by delivering a copy of the summons and of the complaint to the person in charge of the office or agency.

Tenn. R. Civ. P. 4.04(5); *see also Balentine v. Allen,* No. 2:13-CV-02358-JPM, 2015 WL 1396524, at *8 (W.D. Tenn. Mar. 26, 2015).

Plaintiff may also be able to serve Defendant Horner by "delivering a copy of [the summons and Complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Under Tennessee law, an agent may possess three types of

4

authority to accept service of process: (1) express actual authority;[2] (2) implied actual authority;[3] or (3) apparent authority. *See Harris v. Midtown Ctr. for Health & Rehab., LLC,* No. 21-5646, 2022 WL 1261830, at *6 (6th Cir. Apr. 28, 2022) (citing *Milliken Group, Inc. v. Hays Nissan, Inc.,* 86 S.W.3d 564, 567 (Tenn. Ct. App. 2001)). "[A]pparent authority must be established through the acts of the principal rather than the agent." *Alverson v. Am. Nat. Ins. Co.*, 30 F. App'x 491, 496 (6th Cir. 2002) (citing *Franklin Distrib. Co., Inc. v. Crush Int'l, Inc.*, 726 S.W.2d 926, 930-31 (Tenn. 1986)). "A principal is responsible for the acts of an agent within his apparent authority only where the principal himself by his acts or conduct has clothed the agent with the appearance of authority, and not where the agent's own conduct has created the apparent authority." *Id.* (quoting *Southern Ry. Co. v. Pickle*, 197 S.W. 675, 677 (Tenn. 1917)).

Regardless of the method of service employed, Rule 4(m) generally requires a defendant to be served within ninety (90) days after a complaint is filed:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(m) does not define "good cause." But "good cause" generally means "a reasonable, diligent effort" at proper service. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (internal quotation omitted). "[C]ounsel's inadvertent failure or half-hearted efforts to serve

---

[2] A principal must expressly give actual authority to the agent orally or in writing. *See Hall v. Haynes*, 319 S.W.3d 54, 573 (Tenn. 2010).

[3] Implied actual authority "embraces all powers which are necessary to carry into effect the granted power, in order to make effectual the purpose of the agency" and "must be predicated on some act or acquiescence of the principal, rather than the actions of the agent." *Hall*, 319 S.W.3d at 573 (quoting *Rubio v. Precision Aerodynamics, Inc.*, 232 S.W.3d 738, 743 (Tenn. Ct. App. 2006)).

a defendant . . . does not constitute good cause." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). Good cause may exist where "something outside the plaintiff's control prevents timely service." *Savoie v. City of E. Lansing*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022); *see also Friedman*, 929 F.2d at 1157 (finding good cause "when the defendant intentionally evades service of process"); *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73-75 (6th Cir. 1994) (finding good cause where a pro se plaintiff is seriously ill).

Here, Plaintiff failed to properly serve Defendant Horner. **First**, with respect to Tennessee Rule 4.04(5), because Defendant Horner resigned from Sport Pontoons, LLC in June 2022, [*See* Doc. 15-1 ¶ 2 (Declaration of Mitchell Horner)], and did not "transact[] business through an office or agency in [Tennessee]" at the time of service, service of process could not be effected upon him through Sport Pontoons, LLC. *See* Tenn. R. Civ. P. 4.04(5); *Ross v. Voncannon*, No. 3:09-CV-385, 2010 WL 2103440, at *8 (E.D. Tenn. May 21, 2010) (holding that corporation's agent had no authority to accept process for former president and CEO of corporation who resigned before service on corporation's agent was made). And even if Defendant Horner still worked at Sport Pontoons, LLC, Plaintiff does not offer any proof that Swafford is the "person in charge" of Sport Pontoons, LLC as required for service under Tennessee law. *See* Tenn. R. Civ. P. 4.04(5). **Second**, even assuming Defendant Horner was a member of Sport Pontoons, LLC—either before or after his employment ended—such membership does not render service on Swafford at Sport Pontoons, LLC's business address proper. *See Hall v. Haynes*, 319 S.W.3d 564, 571-72 (Tenn. 2010) ("[T]he rule does not 'permit[ ] a plaintiff to serve process by sending documents to an individual's place of business, thereafter to be receipted for by an employee who is not an authorized agent for service of process.'" (citation omitted)).

6

***Third***, Plaintiff does not offer any proof that Sport Pontoons, LLC or Swafford had authority to accept service on behalf of Defendant Horner at the time in question. Plaintiff makes no argument showing that either Swafford or Sports Pontoons, LLC had express or implied actual authority to accept service on Defendant Horner's behalf [*See* Doc. 21]. And no apparent authority exists because there is no evidence that *Defendant Horner*—rather than Sport Pontoons, LLC or Swafford—gave the process server or Plaintiff any reason to believe that Sport Pontoons, LLC or Swafford was an agent authorized by appointment or by law to receive service of process on Defendant Horner's behalf. *See* Fed. R. Civ. P. 4(e)(2)(C); *Alverson*, 30 F. App'x at 496. The process server's subjective belief to the contrary is insufficient to establish apparent authority. *See Alverson*, 30 F. App'x at 496. Accordingly, Plaintiff has not properly served Defendant Horner.

The 90-day period for Plaintiff to properly serve Defendant Horner expired on January 1, 2023 and Plaintiff has not demonstrated good cause for an extension. *See* Fed. R. Civ. P. 4(m). Nothing "outside the plaintiff's control prevent[ed] timely service" in this case. *Savoie*, 2022 WL 3643339, at *4. Defendant Horner filed his Motion to Dismiss challenging service on December 9, 2022, well before the Rule 4(m) period expired [*See* Doc. 15]. But the record does not show that Plaintiff made any further attempts to serve Defendant Horner. Nor did Plaintiff request an extension of time to serve Defendant Horner. And Plaintiff knows Defendant Horner's home address in Georgia for service of process [*See* Docs. 1 ¶ 8; 15-1 ¶ 4 (Declaration of Mitchell Horner)]. Plaintiff could have made efforts to properly serve Defendant Horner at his home address before the expiration of the Rule 4(m) period, but he chose to litigate this motion instead. Plaintiff has made no argument regarding the reason for his failure to attempt to cure the service deficiency Defendant Horner identified. Accordingly, Plaintiff has not shown good cause for his

7

failure to serve Defendant Horner. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521-22 (6th Cir. 2006).

Finally, even without a showing of good cause, the Court retains some discretion to enlarge the timeframe for service. *See Henderson v. United States,* 517 U.S. 654, 662 (1996). In exercising its discretion, the Court considers:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC,* 44 F.4th 565, 569 (6th Cir. 2022).

Although some factors point in Plaintiff's favor, an extension of time is not warranted under these circumstances. Plaintiff is represented by competent counsel. As evidenced by Plaintiff's response, Plaintiff knew of the deficiency in service prior to the expiration of the Rule 4(m) service deadline and did no work to cure the deficiency or move the Court for an extension of time to do so [*See* Docs. 20, 21]. Further, Plaintiff did not inquire as to whether Sport Pontoons, LLC or Swafford had authority to accept service of process on Defendant Horner's behalf, in his individual capacity. Swafford signed a form "Acknowledgement of Service" checking a box indicating that he was "the person, registered agent, or person authorized to receive" service on behalf of "Christopher Hampton, Mitchell Horner, Brianna Weaver[,] Sport Pontoons, LLC, and

8

Tarzan Boat, LLC," [*See* Doc. 22 at 2]. But after Defendant Horner filed the instant motion, Plaintiff, who is represented by counsel, did not inquire further. *See Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002) ("The bare fact that an alleged agent actually accepts process for the defendant is not enough to constitute valid service of process."). This "lack of due diligence in serving the right people [ ] counsel[s] against an extension." *See Savoie*, 2022 WL 3643339, at *5. Further, it appears that Plaintiff's claims against Defendant Horner are not yet time-barred. *See, e.g.,* Tenn. Code Ann. §§ 28-3-109, 28-3-104, 28-3-104, and 47-18-109. And nothing about the service or the posture of this case is unusual or unique. Plaintiff knows where he can serve Defendant Horner but chose not to undertake that effort. Therefore, it is not appropriate for the Court to exercise its discretion to extend the Rule 4(m) deadline to serve Defendant Horner in this case.

Accordingly, the Court **GRANTS** "Defendant Mitchell Horner's Motion to Dismiss" [Doc. 15] and **DISMISSES** Defendant Mitchell Horner from this action without prejudice.

IT IS SO ORDERED.

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge